ADAM D.H. GRANT (State Bar No. 153271)
ALEXANDER S. KASENDORF (State Bar No. 213958)
ALPERT, BARR & GRANT
A Professional Law Corporation
6345 Balboa Boulevard, Suite I-300
Encino, California 91316-1523
PHONE: (818) 881-5000; FAX: (818) 881-1150

Attorneys for Defendant CATHY LEWIS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZEMOGA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CATHY LEWIS, <br><br> Defendant. | CASE NO. 2:20-cv-08903-MWF-JC <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS THE 4TH, 5TH, 6TH, 7TH AND 8TH CLAIMS FOR RELIEF PURSUANT TO Fed. R. Civ. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **[[PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]** <br><br> **HEARING DATE:** January 11, 2021 <br> **TIME:** 10:00 a.m. <br> **COURTROOM:** 5A <br><br> **LOCATION:** 350 West First Street, Los Angeles, CA 90012 |

**TO THE HONORABLE MICHAEL W. FITZGERALD, JUDGE OF THE UNITED STATES DISTRICT COURT, AND TO ALL INTERESTED PARTIES:**

PLEASE TAKE NOTICE that on Monday, January 11, 2021 at 10:00 a.m. in above-referenced department, Defendant Cathy Lewis, ("Lewis"), pursuant to Fed. R. Civ. P. 12(b)(6) through her undersigned counsel, respectfully moves this Court to dismiss Zemoga, Inc's ("Zemoga") 4th Cause of Action for Intentional Interference with Prospective Economic Relation, 5th Cause of Action for Negligent interference with Prospective Economic Relations, 6th Cause of Action for Libel, 7th Cause of Action for Libel Per Se and 8th Cause of Action for Trade Libel, for failure to state claims upon which relief can be granted.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 20, 2020.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, on the entire file in this matter and on such oral or documentary evidence as may be submitted at the time of the hearing.

ALPERT, BARR & GRANT
A Professional Law Corporation

Dated: November 25, 2020          By: ___/s/ Adam D.H. Grant___
                                       ADAM D.H. GRANT
                                       Attorneys for Defendant
                                       CATHY LEWIS

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................. 1

II. LEGAL ARGUMENT ......................................................................................... 1

    A. STANDARD OF LAW ON MOTION TO DISMISS ......................... 1

    B. PLAINTIFF'S 4TH CLAIM FOR RELIEF BASED ON INTENTIONAL INTEREFERNCE WITH ECONOMIC RELATIONS FAILS TO STATE A CLAIM ....................................... 2

    C. PLAINTIFF'S 5TH CLAIM FOR RELIEF BASED ON NEGLIGENT INTEREFERNCE WITH ECONOMIC RELATIONS FAILS TO STATE A CLAIM ....................................... 6

    D. PLAINTIFF'S 6TH – 9TH CLAIMS FOR RELIEF BASED ON LIBEL FAIL TO STATE A CLAIM FOR RELIEF ............................. 7

III. CONCLUSION .................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

CASES

*Ashcroft v. Iqbal*
  556 U.S. 662 (2009) .................................................................................. 2

*Balistreri v. Pacifica Police Dep't.,*
  901 F.2d 696 (9th Cir.1988) ..................................................................... 1

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007), 127 S.Ct. 1955, 167 L.Ed.2d 929 ............................ 1

*Chabra v. S. Monterey County Memorial Hospital, Inc.,*
  1994 WL 564566, (N.D. Cal. 1994) ......................................................... 9

*Church of Scientology v. Flynn,*
  744 F.2d 694 (9th Cir.1984) ..................................................................... 8

*Cochran v. NYP Holdings, Inc.,*
  58 F.Supp.2d 1113 (C.D.Cal.1998), 210 F.3d 1036 (9th Cir.2000) .......... 8, 9

*Conley v. Gibson,*
  355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ......................................... 1

*Cooper v. Pickett,*
  137 F.3d 616 (9th Cir.1997) ..................................................................... 1

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.,*
  11 Cal.4th 376, 45 Cal.Rptr.2d 436, 902 P.2d 740 (1995) ........................ 4

*Devoto v. Pacific Fidelity Life Ins. Co.,*
  618 F.2d 1340 (9th Cir.1980) ................................................................... 7

*J'Aire Corp. v. Gregory*
  (1979) 24 Cal.3d 799, 157 Cal.Rptr. 407, 598 P.2d 60 (1979) .................. 6, 7

*Jenkins v. Commonwealth Land Title Ins. Col,*
  95 F.3d 791 (9th Cir.1996) ....................................................................... 1

*Kahn v, Bower,*
  232 Cal.App.3d 1599, 284 Cal.Rptr.244 (1991) ....................................... 9

ii                     USDC Case No. 2:20-cv-08903-MWF– Zemoga, Inc. v. Cathy Lewis.

MOTION TO DISMISS THE 4TH, 5TH, 6TH, 7TH AND 8TH CLAIMS FOR RELIEF
PURSUANT TO F.R.C.P. 12(b)(6)

657412.1

*Knievel v. ESPN, Inc.*
    (D. Mont. 2002) 223 F.Supp.2d 1173 ................................................................. 8

*LiMandri v. Judkins,*
    52 Cal.App.4th 326, 60 Cal.Rptr.2d 539 (1997) ......................................... 4, 6

*Okun v. Superior Court (Maple Properties)*,
    29 Cal.3d 442, 175 Cal.Rptr. 157, 629 P.2d 1369, 1379 (1981) .................... 9

*Papasan v. Allain,*
    478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) ................................... 2

*Partington v. Bugliosi,*
    56 F.3d 1147 (9th Cir.1995) ............................................................................ 8

*Rickards v. Canine Eye Registration Foundation, Inc.,*
    704 F.2d 1449 (9th Cir.1983) .......................................................................... 4

*Roth v. Rhodes,*
    25 Cal.App.4th 530, 30 Cal.Rptr.2d 706 (1994) ............................................. 4

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*
    (N.D. Cal. 1997) 983 F.Supp. 1303 ................................................ 4, 5, 6, 7, 9

*Stolz II v. Wong Communications Limited Partnership,*
    25 Cal.App.4th 1811, 31 Cal.Rptr.2d 229 (1994) ..................................... 6, 11

*Titan Global LLC v. Organo Gold Intern., Inc.*
    (N.D. Cal., Dec. 2, 2012, No. 12-CV-2104-LHK)
    2012 WL 6019285 ............................................................................... 9, 10, 11

*Underwager v. Channel 9 Australia,*
    69 F.3d 361 (9th Cir.1995) .............................................................................. 8

*Unelko Corp. v. Rooney,*
    912 F.2d 1049 (9th Cir.1990), *cert. denied,* 499 U.S. 961,
    111 S.Ct. 1586, 113 L.Ed.2d 650 (1991) ........................................................ 8

*Westside Center Associates v. Safeway Stores 23, Inc.*,
    42 Cal.App.4th 507, 49 Cal.Rptr.2d 793 (1996) ......................................... 4, 5

*Youst v. Longo*
    (1987) 43 Cal.3d 64, 233 Cal.Rptr. 294, 729 P.2d 728 ................................... 4

iv          USDC Case No. 2:20-cv-08903-MWF– Zemoga, Inc. v. Cathy Lewis.
MOTION TO DISMISS THE 4TH, 5TH, 6TH, 7TH AND 8TH CLAIMS FOR RELIEF PURSUANT TO F.R.C.P. 12(b)(6)
657412.1

STATUTES

Fed.R.Civ.P. 12(b)(6) ............................................................................................. 1

iv

USDC Case No. 2:20-cv-08903-MWF– Zemoga, Inc. v. Cathy Lewis.

MOTION TO DISMISS THE 4TH, 5TH, 6TH, 7TH AND 8TH CLAIMS FOR RELIEF PURSUANT TO F.R.C.P. 12(b)(6)

657412.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. <u>INTRODUCTION</u>

Zemoga's vague complaint fails to provide sufficient facts to support the 4th – 8th Causes of Action. The Interference with Economic Relations claims (4th – 5th) fail to allege with any degree of the required specificity whether the economic relation was disrupted in any particular way and that Lewis had any duty to Plaintiff. The libel claims (6th – 8th) are based on opinion, vague hyperbole made on social media and is not, as a matter of law, the basis for any libel claim.

## II. <u>LEGAL ARGUMENT</u>

### A. STANDARD OF LAW ON MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A motion to dismiss for failure to state a claim must be denied unless it appears that the plaintiff can prove no set of facts that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Jenkins v. Commonwealth Land Title Ins. Col,* 95 F.3d 791, 796-97 (9th Cir.1996). Dismissal is appropriate if the plaintiff fails to assert a cognizable legal theory or to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't.,* 901 F.2d 696, 699 (9th Cir.1988). All material factual allegations in the complaint are assumed to be true and construed in the light most favorable to the plaintiff. *See Cooper v. Pickett,* 137 F.3d 616, 622 (9th Cir.1997).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-

defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955. *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 677–678.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

## B. PLAINTIFF'S 4TH CLAIM FOR RELIEF BASED ON INTENTIONAL INTEREFERNCE WITH ECONOMIC RELATIONS FAILS TO STATE A CLAIM

Plaintiff's allegations fall far short of what is needed to state a claim for both Intentional and Negligent Interference with Economic Relations. The following allegations form the basis for both causes of action:

> "17. On the same day, Lewis contacted a senior executive at a majorchemical manufacturer (the "Executive") via Facebook.

18. The Executive is well-respected in the industry in which the Company operates and is a clearly identified business prospect of the Company, which is and was known to Lewis.

19. Lewis transmitted personal and sensitive text messages and photos of Edgerton to the Executive with the sole intent to disparage the Company and injure its ongoing and prospective business relations.

26. The text messages sent to the Executive contained sexually suggestive comments sent by another person to Edgerton.

27. Lewis then sent the following statement to the Executive: Hey maybe [] will be on your next trip since she was texting your buddy this while we were married.  Whatever bull**** he is saying is just that.  Bull****.

28. Lewis subsequently forwarded a hacked photo of Edgerton on a boat with other people, along with following message to the Executive: "Enjoy [].  Yah I'm the bad one."

52. The Company has actual and prospective business relationships.

53. The Company has a prospective business relationship with the Executive who is a senior executive at a major manufacturing company.

54. During the relevant time period, the Company had been actively soliciting the Executive's business.

60. Lewis's actions have disrupted the Company's relationships and business opportunities with actual and prospective customers"

"To support a cause of action for interference with prospective economic

advantage, the following elements must be established: "(1) the existence of a specific economic relationship between [plaintiff] and third parties that may economically benefit [plaintiff]; (2) knowledge by the [defendants] of this relationship; (3) intentional acts by the [defendants] designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) damages to the [plaintiff]." *Rickards v. Canine Eye Registration Foundation, Inc.,* 704 F.2d 1449, 1456 (9th Cir.1983). The California Supreme Court has also stated that a plaintiff seeking to recover for alleged interference with prospective economic relations has the burden of pleading and proving that the defendant's interference was wrongful "by some other measure beyond the fact of interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.,* 11 Cal.4th 376, 392, 45 Cal.Rptr.2d 436, 902 P.2d 740 (1995); *LiMandri v. Judkins,* 52 Cal.App.4th 326, 342, 60 Cal.Rptr.2d 539 (1997), reh/rev denied, April 16, 1997." *Silicon Knights, Inc. v. Crystal Dynamics, Inc.* (N.D. Cal. 1997) 983 F.Supp. 1303, 1311

"The law precludes recovery for overly speculative expectancies by initially requiring proof the business relationship contained 'the probability of future economic relationship.' (*Youst v. Longo* (1987) 43 Cal.3d 64, 71, 233 Cal.Rptr. 294, 729 P.2d 728).". *Westside Center Associates v. Safeway Stores 23, Inc.*, 42 Cal.App.4th 507, 522, 49 Cal.Rptr.2d 793, 803 (1996). In *Westside,* the court held that the requirement that the plaintiff plead and prove that a business relationship contained the "probability of future economic benefit" to the plaintiff precluded application of the tort to "hypothetical relationships" not developed at the time of the allegedly tortious acts. See, also, *Roth v. Rhodes,* 25 Cal.App.4th 530, 546, 30 Cal.Rptr.2d 706, 715 (1994) (podiatrist denied space in defendants' medical building could have not existing relationship with speculative "future patients.") *Id.*

Plaintiff's cause of action for Intentional Interference fails because the complaint fails to allege sufficient facts to support the bare conclusion of a

business opportunity, a "disruption" and fails to state what damages were incurred as a result of the acts.  The complaint only contains conclusory allegations.  The complaint only alleges a "prospective business relationship." The complaint does not allege any factual basis for the "probability of future economic benefit."  The complaint does not allege that Plaintiff lost any customers or business relationship.  There is no allegation that Plaintiff's profits decreased in any way because of the alleged interference.  In *Silicon Knights,* the Court noted:

> "As stated above, the complaint fails to assert facts sufficient to support a claim for intentional interference with prospective economic relationship with Activision since there is no factual allegation in the complaint that Silicon Knights' relationship with Activision was actually disrupted as a result of Crystal Dynamics and Individual Defendants' acts of inducing Silicon Knights' former employees to leave Plaintiff's employ, or what damages, if any, were incurred by Silicon Knights as a result of these acts.
>
> There are no allegations in the complaint from which the court or defendants could infer the probable disruption of an actual economic relationship by means of alleged defamatory statements of the individual defendants or by means of Crystal Dynamics' statement that it developed Kain.  The complaint does not allege that Silicon Knights was in the midst of negotiations with 3DO, Microsoft, or any other publisher, and that the third party pulled out of the negotiations or awarded business to another because of these alleged acts by Defendants.  Moreover, allegations that Defendants' undisclosed statements caused potential customers not to buy Silicon Knights' video game software asserts the type of speculative economic relationship disapproved of in *Westside.*  Even if interference with potential customers is a legitimate basis for tortious interference with economic relations, the complaint alleges only conclusory statements and no facts in support of its contention that it lost potential customers.  For example, there is no allegation that sales of a particular software product identified with Silicon Knights

decreased after these alleged statements were made by Crystal Dynamics." *Silicon Knights, Inc. v. Crystal Dynamics, Inc.* (N.D. Cal. 1997) 983 F.Supp. 1303, 1311-1312.  Thus, Plaintiff's bare bones cause of action for Interference with Prospective Economic Relations should be dismissed.

### C. PLAINTIFF'S 5TH CLAIM FOR RELIEF BASED ON NEGLIGENT INTEREFERNCE WITH ECONOMIC RELATIONS FAILS TO STATE A CLAIM

Plaintiff's claim for Negligent Interference with Economic Relations suffers from the same defects as the Intentional Interference and an additional fatal flaw; Plaintiff's has not and cannot allege any contractual or statutory duty, or special relationship between Lewis and itself that gives rise to a duty of care.  This exact issue came up in the *Silicon Knights, Inc.* (*infra*) (" Defendants contend that the claim for negligent interference with prospective economic advantage fails for the same reasons set forth above, i.e., the complaint contains only speculative allegations of economic relationships.  Defendants also assert that the complaint fails to state a claim upon which relief can be granted since Silicon Knights has not, and cannot, allege any contractual or statutory duty, or special relationship between Individual Defendants and Plaintiff that give rise to a duty of care." *Silicon Knights, Inc. v. Crystal Dynamics, Inc.* (N.D. Cal. 1997) 983 F.Supp. 1303, 1312.

In granting the Motion to Dismiss without leave, the *Silicon Knights* court noted, "[t]he tort of negligent interference with economic relationship arises only when the defendant owes the plaintiff a duty of care.  *J'Aire Corp. v. Gregory* (1979) 24 Cal.3d 799, 803, 157 Cal.Rptr. 407, 598 P.2d 60 (1979)" *Stolz II v. Wong Communications Limited Partnership,* 25 Cal.App.4th 1811, 31 Cal.Rptr.2d 229 (1994), reh/rev denied, September 29, 1994; *LiMandri v. Judkins,* 52 Cal.App.4th 326, 348, 60 Cal.Rptr.2d 539, 551 (1997), reh/rev. denied April 16,

1997.  This duty may arise from a contractual, statutory, or "special relationship" between the plaintiff and defendant.  This "special relationship" typically arises where the plaintiff is a beneficiary of a contract between two parties.  *Devoto v. Pacific Fidelity Life Ins. Co.,* 618 F.2d 1340, 1350 (9th Cir.1980).  In *J'Aire Corporation v. Gregory,* 24 Cal.3d 799, 804, 157 Cal. Rptr. 407, 410, 598 P.2d 60, 61–63 (1979), the California Supreme Court stated that the following criteria would be used in determining whether defendants owe plaintiff of duty of care: "(1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm." *Silicon Knights, Inc. v. Crystal Dynamics, Inc.* (N.D. Cal. 1997) 983 F.Supp. 1303, 1313.

In this case, Plaintiff has not and cannot allege any duty and thus the Motion should be granted without leave.

### D. PLAINTIFF'S 6TH – 9TH CLAIMS FOR RELIEF BASED ON LIBEL FAIL TO STATE A CLAIM FOR RELIEF

Plaintiff's libel causes of action all fail as the allegations are either opinion, hyperbole or not subject a determination of true.  The claim for relief is also deficient in that, except for one instance, Plaintiff fails to specifically identify or quote verbatim the alleged libelous statements.  While Plaintiff claims these statements to be in writing, Plaintiff entirely fails to attach any of the written statements to the complaint.

"A motion to dismiss under Rule 12(b)(6) is an appropriate device for determining whether Plaintiffs state a libel claim or whether the statement is non-actionable under the First Amendment.  *Cochran v. NYP Holdings, Inc.,* 58 F.Supp.2d 1113, 1120 (C.D.Cal.1998), *affirmed* and reasoning adopted, 210 F.3d

1036 (9th Cir.2000). While existence of defamatory meaning is usually a fact question for the jury, "a court may properly determine whether a statement is fairly susceptible of a defamatory meaning when presented with a motion to dismiss." *Cochran,* 58 F.Supp.2d at 1120. When deciding the motion to dismiss, the Court is not to determine if the communications may have an innocent meaning but rather to determine if the communication reasonably carries with it a defamatory meaning. Just as the court must refrain from a 'hair-splitting analysis' of what is said in an article to find an innocent meaning, so must it refrain from scrutinizing what is not said to find 'a defamatory meaning which the article does not convey to a lay reader. *Church of Scientology v. Flynn,* 744 F.2d 694, 696 (9th Cir.1984). *Knievel v. ESPN, Inc.* (D. Mont. 2002) 223 F.Supp.2d 1173, 1177.

"The Ninth Circuit has been fairly consistent in setting forth and applying the standard for evaluating the threshold question, ruling that a statement may sustain a defamatory meaning only upon a showing that "a reasonable juror could conclude that the allegedly defamatory implications constituted provably false assertions of fact." *Underwager v. Channel 9 Australia,* 69 F.3d 361, 366–67 (9th Cir.1995); *Partington v. Bugliosi,* 56 F.3d 1147, 1153 (9th Cir.1995). "Pure opinions," by contrast, are protected, and consist of those statements that "do not imply facts capable of being proved true or false." *Unelko Corp. v. Rooney,* 912 F.2d 1049, 1053 n. 2 (9th Cir.1990), *cert. denied,* 499 U.S. 961, 111 S.Ct. 1586, 113 L.Ed.2d 650 (1991). To determine whether a statement implies a factual assertion, the totality of the circumstances in which the statement was made must first be examined. *Underwager,* 69 F.3d at 366. This includes "the statement in its broad context, [including] the general tenor of the entire work, the subject of the statements, the setting, and the format of the work." *Id.* Second, the court must consider the "specific context and content of the statements, analyzing the extent of figurative or hyperbolic language used and the reasonable expectations of the audience in that particular situation." *Id.* Finally, the court considers whether the

"statement itself is sufficiently factual to be susceptible of being proved true or false." *Id. Cochran v. NYP Holdings, Inc.* (C.D. Cal. 1998) 58 F.Supp.2d 1113, 1121.

"The words constituting a libel or slander must be specifically identified, if not plead verbatim." *Chabra v. S. Monterey County Memorial Hospital, Inc.,* 1994 WL 564566, (N.D. Cal. 1994), citing *Kahn v, Bower,* 232 Cal.App.3d 1599, 284 Cal.Rptr.244, 252, fn. 5, reh/rev denied (1991). While the exact words or circumstances of the slander need not be alleged to state a claim for defamation, the substance of the defamatory statement must be alleged. *Okun v. Superior Court (Maple Properties)*, 29 Cal.3d 442, 458, 175 Cal.Rptr. 157, 167, 629 P.2d 1369, 1379 (1981), *Silicon Knights, Inc. v. Crystal Dynamics, Inc.* (N.D. Cal. 1997) 983 F.Supp. 1303, 1314.

As an example of what is insufficient, the Court in *Silicon* Knights, stated, "The statements in the complaint identified as defamatory by Plaintiff include the allegation that Crystal Dynamics has refused to give proper originator and developer credit for Kain (¶ 21); that Defendants engaged in wrongful conduct by "making false, misleading, and commercially disparaging statements about Silicon Knights' involvement in the creation and development of Kain to Activision (and others in the video game industry)" (¶ 76); and by making "false and defamatory statements to several of Silicon Knights' customers, prospective customers, industry associates and the public regarding:  (a) the quality and reliability of Silicon Knights' products, (b) the competence and ability of Silicon Knights' employees, and, (c) Silicon Knights' cooperation and ability to work with customers, suppliers, or other persons in the software industry." Some or all of these statements were allegedly made by Dyer to Microsoft personnel, and by other defendants to Activision and 3DO personnel. (Complaint ¶ 91.)" *Silicon Knights, Inc. v. Crystal Dynamics, Inc.* (N.D. Cal. 1997) 983 F.Supp. 1303, 1313–1314.

The Court in *Titan Global,* relied on *Silicon Knights* to further state, "Like

the allegations in *Silicon Knights* and *Jacobson,* Plaintiffs' allegations are insufficiently specific regarding the substance of the defamatory statements. The complaint alleges "defamatory statements about Mathew Rasmussen and ACN's leadership abilities." Compl. ¶ 33. This allegation is clearly insufficient under the cases discussed above. Slightly more specific, but still insufficient is the allegation that Defendants made multiple "defamatory statements" that "Mathew Rasmussen is an incompetent and dishonest leader who will not reveal to his group the elements necessary to be successful." *Id.* ¶ 43. Finally, the complaint alleges general "false and defamatory statements of fact about the character and business acumen of Titan's owner, Mathew Rasmussen labeling him as an incompetent and dishonest business leader." *Id.* ¶ 63. These general allegations of multiple defamatory statements do not reveal specific statements that Plaintiffs allege were defamatory, as required to survive a motion to dismiss." *Titan Global LLC v. Organo Gold Intern., Inc.* (N.D. Cal., Dec. 2, 2012, No. 12-CV-2104-LHK) 2012 WL 6019285, at *11.

In this case, the allegations in the complaint simply do not rise meet the test. Plaintiff relies upon Facebook postings, which are not attached to the complaint:

> "69. The statements were defamatory and libelous in that they asserted Edgerton, the Company's CEO and founder, was a philanderer and/or adulterer.
>
> 70. The statement "[w]hatever bull**** [Edgerton] is saying is just that. Bull****" was meant to convey that Edgerton, as CEO and on behalf of the Company, is a liar and someone who should not be trusted."

Taking the context of these statements, that being on social media, there is a great deal of exaggeration and hyperbole provided on such a website. There is no question that much of what is posted on social media is not taken seriously –

10

USDC Case No. 2:20-cv-08903-MWF– Zemoga, Inc. v. Cathy Lewis.

MOTION TO DISMISS THE 4TH, 5TH, 6TH, 7TH AND 8TH CLAIMS FOR RELIEF PURSUANT TO F.R.C.P. 12(b)(6)

657412.1

whether it be alleged "fake news" or someone just being mad about someone's actions. It is simply taken more as hyperbole than anything else. Additionally, these statements are clearly more of an opinion than a fact. These are nothing more than the allegations that Lewis made "false and misleading statements" which both the *Silicon* and *Titan* courts found entirely deficient.

### III. CONCLUSION

For the foregoing reasons, Lewis respectfully requests that the Court grant the motion without leave and dismiss the subject claims.

ALPERT, BARR & GRANT
A Professional Law Corporation

Dated:  November 25, 2020            By:   */s/ Adam D.H. Grant*
                                          ADAM D.H. GRANT
                                          Attorneys for Defendant
                                          CATHY LEWIS

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 6345 Balboa Boulevard, Suite I-300, Encino, California 91316-1523.

On November 25, 2020, I served the following document described as NOTICE OF MOTION AND MOTION TO DISMISS THE 4TH, 5TH, 6TH, 7TH AND 8TH CLAIMS FOR RELIEF PURSUANT TO Fed. R. Civ. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF on the persons on the attached Service List in this action, as follows:

[ ] **By United States Mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached Service List and (specify one):
    [ ] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
    [ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Services, in a sealed envelope with postage fully prepaid.
    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Encino, California.

[ ] **By Express Mail Delivery.** I enclosed the documents in a sealed envelope provided by the U.S. Postal Service and deposited said envelope in a mailbox regularly maintained by the United States Postal Service for receipt of Express Mail, with Express Mail postage paid, addressed to the person on whom it is to be served, at the post office box address as last given by that person on any document filed in the case and served on the party making service by Express Mail.

[ ] **By Overnight Delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in the attached Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

[ ] **By Fax Transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in the attached Service List. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

[ xx ] **By E-mail or Electronic Transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses in the attached Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ] **By Personal Service.** I personally delivered the documents to the persons at the addresses on the attached Service List. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of 8 a.m. and 6 p.m.

Executed on November 25, 2020, at Encino, California.

[ ] **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[XX ] **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| | |
|---|---|
|    Amy Eichelberger |    */s/ Amy Eichelberger* |
| Type or Print Name | Signature |

657827.1

Case No. 2:20-cv-08903-MWF-JC

## ATTACHMENT TO PROOF OF SERVICE

Gregg D. Zucker
FOUNDATION LAW GROUP LLP
2049 Century Park East, Suite 2460
Los Angeles, CA  90067
T:  310-979-7561
E:  gregg@foundationlaw.com

    Attorneys for Plaintiff

657827.1